# Woodruff *v.* Hinson, Adm'r.

*Final Settlement and Distribution of a Decedent's Estate.*

1. *Life-tenant; when entitled to rents.*—Where a testator devised to one of his daughters one- fourth part of his entire estate, consisting of real and personal property, for and during her natural life, such daughter is entitled, absolutely and in her own right, to one fourth part of the rents in the hands of an administrator *de bonis non*, with will annexed, for distribution, on final settlement.

2. *Assignments of error; when not considered.*—When assignments of error are not insisted on in argument of counsel, they will not be considered.

APPEAL from Lowndes Probate Court.

Tried before Hon. H. W. CAFFEY.

In the matter of the final settlement and distribution of

[Woodruff v. Hinson, Adm'r.]

the estate of Jonathon Mealing, deceased, by Joseph L. Hinson, the administrator *de bonis non*, with the will annexed.

The testator, by his will, which was duly probated on the 3d day of November, 1869, devised to his daughter, Winnifred B. Woodruff, the appellant, one fourth of his entire estate, consisting of real and personal property, for the period of her natural life, with remainder over to certain of her children therein named. The decree of the court, after ascertaining the appellant's share of the funds in the hands of the administrator for distribution, provided as follows: "But it appearing from said testator's will, that said bequest is to her for life only, with remainder to the parties named in said will: It is, therefore, ordered and decreed by the court, that said sum be retained by the administrator, until due proceedings be had by a court having jurisdiction to dispose of said fund, as settled in the case of *Mason v. Pate*, 34th volume of Alabama Reports." To this provision of the decree the appellant excepted. The other facts are stated in the opinion. The provision of the decree above quoted is one of the assignments of error.

CLOPTON, HERBERT & CHAMBERS, for appellant.

WATTS & SONS and W. R. HOUGHTON, *contra.*

(No briefs came to the hands of the reporter.)

SOMERVILLE, J.—Under the provisions of the testator Mealing's will, Mrs. Woodruff, the appellant, became entitled to one fourth part of the entire estate devised by him, for and during her natural life.

The money distributed by the administrator on this settlement accrued from rents of this property. The debts of the testator being all paid, the appellant was clearly entitled, absolutely and in her own right, to her *pro rata* share of these rents, which is, likewise, one fourth part thereof, with full power to dispose of them as she might see fit.—2 Black. Com. m. p. 122; 4 Kent's Com. 73; *Williams v. Pearson*, 38 Ala. 299.

The principle announced in *Mason v. Pate's Ex'r*, 34 Ala. 379, has no application to such a case.

The other assignments of error, not being insisted on in the argument of counsel, are not considered.

Reversed and remanded.

STONE, J., *not sitting.*